Daniel F. Carbone, Esq. Village Attorney Saranac Lake
You request our opinion whether the Village of Saranac Lake, a village operating under the village manager form of government, may transfer the control and management of the village police department from the village manager to the village mayor and board of trustees by enactment of a local law.
Village Law Article 8 (§§ 8-800-8-806) contains provisions relating to the control and management of village police departments and in most villages those provisions together with other portions of the Village Law place the authority with the mayor and board of trustees.
Under the Village Law as in effect prior to its 1972 revision, Article 15-A (§§ 360-374) provided optional power to villages to adopt the village manager form of government. Under the present Village Law §23-2202, villages which adopted the village manager form of government continue to operate thereunder except for those which take affirmative action by local law to change back to the traditional form of village government.
Under the village manager form of government, the control and management of a village police department was placed under the jurisdiction of the village manager. The Municipal Home Rule Law § 10, subd (1), par (i) authorizes municipal governments to adopt and amend local laws not inconsistent with the provisions of the Constitution or not inconsistent with any general law relating to its property, affairs or government. The control and management of the police department constitute property, affairs or government of a village. There is no constitutional prohibition applicable to prevent a change in the control and management thereof from the village manager to the village mayor and board of trustees and, as demonstrated above, there is no general law establishing who or what body will have the control and management of a village police department. Prior to the 1972 revision of the law, a village which adopted the village manager form of government could change the powers and duties of that office by local law, and can still do so (See enclosed copies of 1971 Op Atty Gen 108 and 1977 Op Atty Gen 88). The village manager is an appointive, not an elective officer, so a local law changing the powers and duties of the office is not subject to a referendum under Municipal Home Rule Law § 23 or § 24.
In our opinion, a village operating under the village manager form of government may change the control and management of its police department by local law, not subject to referendum, from the village manager to the village mayor and board of trustees.